CHARLES J. SCHUCK, Judge.
Fleet Bailey, the complainant, now a young man of twenty-eight years of age, and living at Oceana, Wyoming county, was on the 19th day of April 1937 summoned by a state forester, one Will Kennedy, to assist in fighting a forest fire in that particular part of our state. Claimant and others who were likewise summoned and expected to help in subduing the said fire, were being transported to the place of the fire in an automobile hired by the said forester, Kennedy, and driven by one Darrell Lamb; the said driver, the forester, and claimant riding in the front seat of the said car. While nearing the town of Baileysville on the way to the scene of the fire, and as the party was ascending a grade near a slight curve, an oncoming car approaching in the opposite direction, for some reason not definitely disclosed by the evidence, caused the driver of the car in which claimant was riding to sud *71 denly turn the automobile to the right and by so doing, drove the car over the edge of the embankment, causing it to fall over the same and down a declivity of several hundred feet. The claimant was so seriously injured that he was confined in the hospital at Welch for a period of twelve days, afterward being removed to his father’s home, where he remained in bed for ten months before he was able to walk. After this time he obtained work in a garage, but has been unable to do any heavy work or to lift any weight such as he had been able to do before his accident. The injuries to his spine and back, as testified to by two eminent physicians, are permanent. Both physicians agree that he will always be fifty per cent disabled and that he will never fully recover from the injuries that he received by reason of the accident in question. No negligence can be imputed to the claimant. He was obliged to accompany the state forester under penalty of being guilty of a misdemeanor for his refusal to respond to the demand of the forester, and under the circumstances, is, in our opinion, in a much different position than one who is riding in an automobile of his own notion or as an invited guest. Before the injuries in question he was earning approximately four dollars per day. He has heretofore been paid by reason of an act of the Legislature at the rate of $30.00 per month.
Considering all the evidence, the nature and character of his injuries, the fact that he was obliged to accompany the state forester when asked to do so for the purpose of fighting the forest fire in question, and the fact that he is permanently injured and will be, in the opinion of both physicians, permanently disabled and incapacitated, we feel that an award of two thousand five hundred dollars ($2500.00) should be made to the claimant and recommend that the Legislature make an appropriation in the aforesaid amount accordingly.